## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **JERRY DEWAYNE WASHINGTON JR.**<br>Plaintiff,<br><br>v.<br><br>**DEFENDANTS AIR WATER INC., HITEC HOLDING BV, HITEC POWER PROTECTION INTERNATIONAL BV, AND HITEC POWER PROTECTION INC.**<br><br>Defendants.<br><br>. | C.A. No.   **24 - 7 1 5**   --<br><br>**JURY TRIAL DEMANDED** |

### COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Jerry Dewayne Washington Jr. brings this Complaint. Pro se, for patent infringement against Defendants **AIR WATER Inc., HITEC HOLDING BV, HITEC POWER PROTECTION INTERNATIONAL BV, and HITEC POWER PROTECTION INC.** (collectively, "Defendants") and alleges as follows:

### THE PARTIES

1. The Plaintiff, Jerry D. Washington Jr., brings this complaint pro se and resides at 302 30th Ave North Fargo, ND.

2. On information and belief, Defendant AIR WATER Inc. is a corporation organized and existing under the laws of Japan that maintains an established place of business at 2-12-8 Minami Semba, Chuo-Ku, Osaka 542-0081, Japan.

3. On information and belief, Defendant HITEC Holding B.V. is a corporation organized under the laws of The Netherlands that maintains an established place of business at Bedrijvenpark Twenty 40 Almelo, Overjissel 7602 KB Netherlands. On information and belief, HITEC Holding B.V. is a wholly owned subsidiary of Defendant AIR WATER Inc

4. On information and belief, Defendant HITEC Power Protection International B.V. is a corporation organized under the laws of The Netherlands. Its global headquarters and manufacturing facility is located at Bedrijvenpark Twenty 40 Almelo, Overjissel 7602 KB Netherlands. On information and belief, HITEC Power Protection International B.V. is a wholly owned subsidiary of Defendant HITEC Holding B.V.

5. On information and belief, Defendant Hitec Power Protection Inc. is a corporation organized under the laws of Texas, having a principal place of business at 25707 Southwest Fwy Rosenberg, TX. On information and belief, Defendant Hitec Power Protection Inc. is a wholly owned subsidiary of Defendant HITEC Power Protection International B.V.

## JURISDICTION

6. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

7. This Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

8. This court has personal jurisdiction over Defendants AIR WATER Inc., HITEC HOLDING BV, HITEC POWER PROTECTION INTERNATIONAL BV, and HITEC POWER

2

PROTECTION INC. because they have engaged in systematic and continuous business activities in this District. As described below, the Defendant has committed acts of patent infringement within this District, giving rise to this action.

## VENUE

9. Venue is proper in this District for Defendant AIR WATER Inc., under 28 U.S.C. § 1391(c)(3) because Defendant is a foreign corporation. And, therefore, may be sued in any judicial district. In addition, "Defendants" have committed acts of patent infringement in this District, and Plaintiff has suffered harm.

10. Venue is also proper under 28 U.S.C. § 1391(c)(3) for Defendant HITEC Holding B.V. because Defendant is a foreign corporation and, therefore, may be sued in any judicial district. In addition, the Defendant has committed acts of patent infringement in this District, and the Plaintiff has suffered harm in this District.

11. With respect to Defendant HITEC Power Protection International B.V. Venue is also proper under in this District under 28 U.S.C. § 1391(c)(3) because Defendant is a foreign corporation and a defendant not resident in the United States may be sued in any judicial district, and the joinder of such a defendant shall be disregarded in determining where the action may be brought with respect to other defendants.

12. Venue is proper for Defendant, Hitec Power Protection Inc under 28 U.S.C. § 1391(b)(2) because Defendant has committed acts of patent infringement in this District, and Plaintiff has suffered harm in this District.

## PATENT IN SUIT

13. Plaintiff is the assignee of all rights, titles, and interests in United States Patent No. 7,108,095 (the "Patent-in-Suit"), including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the Patent-in-

3

Suit. Accordingly, Plaintiff possesses the exclusive right and standing to prosecute the present action for infringement.

14.    On September 19, 2006, United States Patent No. 7,108,095 ("the '095 Patent") was duly and legally issued by the United States Patent and Trademark Office. The '095 patent is titled "System and Method for Generating Power." The application leading to the '095 patent was filed on November 13, 2002. A true and correct copy of the '095 patent is attached "Exhibit A" and incorporated herein by reference as "Exhibit A".

## INFRINGEMENT OF THE '095 PATENT

15.    Plaintiff repeats and incorporates the allegations contained in paragraphs 1 through 14 above as is set forth fully herein.

16. "Exhibit B" includes charts comparing the '095 Patent Claims to the Defendant's products. As outlined in these charts, "Defendants"'s products practice the technology claimed by the '095 patent. Accordingly, the Defendant's products incorporated in these charts satisfy all elements of the Exemplary '095 Patent Claims.

11.    Plaintiff, therefore, incorporates by reference in its allegations herein "Exhibit B."

12. **Actual Knowledge of Infringement**. Defendants ignored the Plaintiff's request to negotiate in good faith. In 2021, Jerry D. Washington Jr. contacted HITEC Power Protection International B.V. and Hitec Power Protection Inc. via certified mail, inviting them to negotiate a licensing agreement. A copy of the '095 patent was included for reference. Plaintiff Jerry D. Washington Jr. did not receive a response.

13. On April 30, 2024, Plaintiff again contacted Hitec Inc to discuss a licensing deal for current technology that is patent pending and the 095 patent. A meeting was set up to discuss

4

interest in licensing current patent pending technology as well as the '095 patent. I submitted the 2021 letter and a copy of the '095 patent but my follow up calls have yet to receive a response.

13.    Despite such actual knowledge, Defendants AIR WATER Inc., HITEC HOLDING BV, HITEC POWER PROTECTION INTERNATIONAL BV, and HITEC POWER PROTECTION INC. continue to make, use, test, sell, offer for sale, market, and import into the United States products that infringe the '095 patent. On information and belief, Defendants AIR WATER Inc., HITEC HOLDING BV, HITEC POWER PROTECTION INTERNATIONAL BV, and HITEC POWER PROTECTION INC. has continued to sell and distribute product literature and website materials, inducing end users and others to use its products in the customary and intended manner that infringes on the '095 patent. See "Exhibit B" extensively referencing these materials to demonstrate how they direct end users to commit patent infringement.

14.    **Direct Infringement**. "Defendants" have been and continue to directly infringe one or more claims of the '095 patent in at least this District by making, using, offering to sell, selling, and importing, without limitation, at least the Defendant products identified in "Exhibit B", literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringe the claims of the '095 patent have been made, used, sold, imported, and offered for sale by Defendant and its customers.

15. "Defendants" also has and continues to directly infringe, literally or under the doctrine of equivalents, the Exemplary '095 Patent Claims by having its employees internally evaluate and use these products.

16. **Induced Infringement**. "DEFENDANTS" actively, knowingly, and intentionally have been and continue to induce infringement of the '095 patent, literally or by the doctrine of or

5

under the doctrine of equivalents, by selling products to their customers for use in end-user products in a manner that infringes one or more claims of the '095 patent.

17. Defendants AIR WATER Inc., HITEC HOLDING BV, HITEC POWER PROTECTION INTERNATIONAL BV, and HITEC POWER PROTECTION INC. have committed these infringing acts without a license from Plaintiff.

18. Due to the "Defendants" past and continued unlawful infringement of the '095 patent, Plaintiff has suffered and will continue to suffer damage. Plaintiff is entitled to recover damages adequate to compensate for Defendant's infringement, in an amount that will be ascertained at trial, but in no event less than a reasonable royalty.

## JURY DEMAND

19. Under Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff respectfully requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment and relief against Defendants **AIR WATER Inc., HITEC HOLDING BV, HITEC POWER PROTECTION INTERNATIONAL BV, and HITEC POWER PROTECTION INC.** as follows:

A.    A judgment by the Court that United States Patent 7,108,095 is valid and enforceable.

B.    A judgment that one or more claims of United States Patent No. 7,108,095 have been directly or indirectly infringed, either literally or under the doctrine of equivalents, by Defendants AIR WATER Inc., HITEC HOLDING BV, HITEC POWER PROTECTION INTERNATIONAL BV, and HITEC POWER PROTECTION INC.

C.  That Defendants AIR WATER Inc., HITEC HOLDING BV, HITEC POWER PROTECTION INTERNATIONAL BV, and HITEC POWER PROTECTION INC. and all its subsidiaries, affiliates, officers, agents, employees, attorneys, and all persons acting in concert or participation with it and each of them deliver to Plaintiff all products that infringe the US 7,108,095 patent.

D.  A judgment that awards Plaintiff all appropriate damages for infringement of U.S. Patent No. 7,108,095, with prejudgment interest and costs, said damages to be trebled because of the intentional and willful nature of Defendants AIR WATER Inc., HITEC Holding B.V., HITEC Power Protection International B.V., and Hitec Power Protection Inc. infringement, as provided by 35 U.S.C. § 284.

E.  An accounting of all damages not presented at trial.

F.  Declaring that this case is exceptional within 35 U.S.C. 285 and awarding Plaintiff. reasonable fees, costs, and expenses related to prosecuting this action; and

G.  that Plaintiff be awarded such further relief at law or in equity as the court deems and proper.

Dated: May 31, 2024,

Respectfully submitted,

Jerry D. Washington Jr.

302 30th Ave North
Fargo ND 58102
PRO SE PLAINTIFF