IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JERRY DEWAYNE WASHINGTON JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 24-715 (JLH) |
| | ) |
| AIR WATER INC., HITEC HOLDING BV, | ) |
| HITEC POWER PROTECTION | ) |
| INTERNATIONAL BV, and HITEC | ) |
| POWER PROTECTION INC., | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT HITEC POWER PROTECTION INC.'S MOTION TO DISMISS**

Defendant Hitec Power Protection Inc. ("Hitec" or "Defendant") hereby moves to dismiss Plaintiff Jerry Dewayne Washington Jr.'s ("Washington" or "Plaintiff") Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6).

**I.  INTRODUCTION**

Plaintiff's Complaint should be dismissed because it fails to properly allege *how* Defendant infringes the claims of the asserted patent. The Complaint broadly alleges infringement against at least five products but applies the claim elements to only a subset of those products, and even then, only sparingly within its claim charts. Rather than applying the claims against the accused products, the Complaint cites to generic marketing materials and online videos and assumes all Defendant products operate the same. The charts do not adequately allege that any specific defendant product embodies every element of any asserted claim. Accordingly, even if accepted as true, the allegations of the Complaint fail to state a claim for patent infringement.

The claim charts also allege infringement by making conclusory allegations that are unsupported by the evidence presented. In several sections, Plaintiff merely echoes the claim language and references evidence that does not relate to it. Other portions of the claim charts are

impossible to comprehend. The infringement allegations are, at best, conclusory and, at worst, incoherent. As a result, the Complaint should be dismissed.

## II. BACKGROUND

This is a patent lawsuit alleging infringement of an electromechanical device that helps maintain power during outages or fluctuations. The Plaintiff was the inventor of U.S. Patent No. 7,108,095 (the "'095 Patent") and is now acting *pro se* in his enforcement campaign. *See* D.I. No. 1.

The Complaint itself does not contain any specific allegations of infringement, instead deferring to a claim chart attached as Exhibit B. D.I. 1, Ex. B. The Complaint at paragraph 16 states:

> "Exhibit B" includes charts comparing the '095 Patent Claims to the Defendant's products. As outlined in these charts, "Defendants"'s [sic] products practice the technology claimed by the '095 Patent. Accordingly, the Defendant's [sic] products incorporated in these charts satisfy all elements of the Exemplary '095 Patent Claims.

D.I. 1, p. 4. The Complaint then states "Plaintiff, therefore, incorporates by reference in its allegations herein 'Exhibit B.'" D.I. No. 1, at 4, paragraph 11.[1] Put simply, the only specific allegations of infringement are in Exhibit B, which asserts infringement of all claims of the '095 Patent.

Exhibit B alleges infringement against the following products: PowerPRO 1000, PowerPRO 1800, PowerPRO 2700, PowerPRO 3600, PowerKEM ("Accused Products"). D.I. 1, Ex. B, p. 1. On the preceding page, Plaintiff lists a "Reference" section from which he appears to

---

[1] The Complaint proceeds from paragraph 16 on page 4 to paragraph 11 in an apparent scrivener's error.

gather certain content that is shown later in the charts. *Id*. at cover page (unpaginated). Those references include nine (9) YouTube videos and the Hitec website http://hitec-ups.com. *Id*.

### III. LEGAL STANDARDS

Federal Circuit law governs issues specific to patent law, while regional circuit law applies to purely procedural matters. *Woods v. DeAngelo Marine Exhaust Sys., Inc.*, 692 F.3d 1272, 1279 (Fed. Cir. 2012). Motions to dismiss under Rule 12(b)(6) involve procedural matters, and as a result, Third Circuit law applies. *See Bascom Global Internet Servs, Inc. v. AT&T Mobility, LLC*, 827 F.3d 1341, 1347 (Fed. Cir. 2016) (holding that the Federal Circuit "review[s] a district court's dismissal for failure to state a claim under the law of the regional circuit.").

To state a claim on which relief can be granted, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief...." Fed. R. Civ. P. 8(a)(2). Such a claim must plausibly suggest "facts sufficient to 'draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Doe v. Princeton Univ.,* 30 F.4th 335, 342 (3d Cir. 2022) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 557 (2007)). "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Klotz v. Celentano Stadtmauer & Walentowicz LLP,* 991 F.3d 458, 462 (3d Cir. 2021) (quoting *Iqbal,* 556 U.S. at 678). But the Court will "'disregard legal conclusions and recitals of the elements of a cause of action supported by mere conclusory statements.'" *Princeton Univ.,* 30 F.4th at 342 (quoting *Davis v. Wells Fargo,* 824 F.3d 333, 341 (3d Cir. 2016)).

Under Rule 12(b)(6), the Court must accept as true all factual allegations in the Complaint and view those facts in the light most favorable to the plaintiff. *See Fed. Trade Comm'n v. AbbVie*

*Inc.*, 976 F.3d 327, 351 (3d Cir. 2020). However, courts need not accept as true what are merely conclusory allegations, unwarranted factual inferences, or legal conclusions, including "[t]hreadbare recitals of the elements of a cause of action." *Iqbal*, 556 U.S. at 678.

In the context of direct patent infringement under 35 U.S.C. § 271(a), "[t]o state a viable direct infringement claim, a plaintiff must plead facts "that plausibly indicate that the accused products contain each of the limitations found in the claims." *Bos. Sci Corp., v. Nevro Corp*, 415 F. Supp. 3d 482, 489 (D. Del. 2019) (quoting *TMI Sols. LLC v. Bath & Body Works Direct, Inc.*, 2018 WL 4660370, at *9 (D. Del. Sept. 28, 2018). "The complaint must place the potential infringer on notice of what activity is being accused of infringement." *Id.* "To provide notice, a plaintiff must generally do more than assert that the product infringes the claim; it must show *how* the defendant plausibly infringes by alleging some facts connecting the allegedly infringing product to the claim elements." *Id.* (citing *SIPCO, LLC v. Streetline, Inc.*, 230 F. Supp. 3d 351, 353 (D. Del. 2017)).

IV.   ARGUMENT

A. Plaintiff Fails to State a Claim for Direct Infringement

The Court should dismiss Plaintiff's direct infringement claims because they fail to allege *how* Defendant's products allegedly infringe the asserted claims. *TMI Sols.*, 2018 WL 4660370, at *9. Exhibit B accuses five products of infringement but sparingly applies the patent claims against those products. The chart below is instructive for independent claim 1:

| Claim Element | Accused Product |
| --- | --- |
| 1a | PowerPRO 1000, PowerPRO 1800, PowerPRO 2700, PowerPRO 3600, PowerKEM |
| 1b | No specific product cited |
| 1c | No product cited, although it appears to be the PowerPRO 3600 product |
| 1d | No specific product cited |
| 1e | No specific product cited |
| 1f | No specific product cited |

| | |
|---|---|
| 1g | No product cited, although it appears to be the PowerPRO 1800 product |
| 1h | No specific product cited |
| 1i | No specific product cited |

For the other independent claim, claim 14, Plaintiff cites the following:

| Claim Element | Accused Product |
|---|---|
| 14a | "The Hitec power generation systems." |
| 14b | No specific product cited |
| 14c | No specific product cited |
| 14d | No product cited, although it appears to be the PowerPRO 3600 product |
| 14e | No specific product cited |
| 14f | No specific product cited |
| 14g | No product cited, although it appears to be the PowerPRO 3600 and 1800 products |
| 14h | No specific product cited |
| 14i | No product cited, although it appears to be the PowerPRO 3600 product |
| 14j | No specific product cited |
| 14k | No specific product cited |
| 14l | No specific product cited |

As shown above, Plaintiff predominantly cites to generic materials used for Hitec marketing, not to the Accused Products themselves. *See generally* D.I. 1, Ex. B. In doing so, the vast majority of infringement allegations assume the Accused Products operate identically. Element 1c refers to the "Hitec power generation systems" as though the products are no different from one another. D.I. 1, Ex. B, p. 2. Element 1d references an alternator but does not specify which product the alternator is associated with. *Id*. The two independent claims assert infringement against five products but only cite the claim elements against one of those products, and even then, only a fraction of the time. *See generally* D.I. 1, Ex. B. Put simply, Plaintiff makes no attempt to connect the claim elements to the Accused Products in all but a few instances. Motions to Dismiss are routinely granted on this basis. *SIPCO*, 230 F. Supp. 3d at 353 (granting a motion to dismiss for direct infringement claim because "[t]he complaint contains no attempt to connect anything in the patent claims to anything about any of the accused products."); *Swirlate IP LLC v. Keep Truckin, Inc.*, No. CV 20-1283-CFC, 2021 WL 3187571, at *2 (D. Del. July 28,

2021) (same); *SuperInterconnect Techs. LLC v. HP Inc.*, No. CV 19-0169-CFC, 2019 WL 6895877, at *2 (D. Del. Dec. 18, 2019) (same).

The charts demonstrate that Plaintiff does not assert all claim elements against a single one of the Accused Products. Instead, the plaintiff blends together various Accused Products to substantiate the infringement claims. Specifically, certain claim elements are alleged to be practiced by the PowerPRO 3600 product, others by the PowerPRO 1800 product, and yet others by all products collectively. *See generally* D.I. 1, Ex. B, and charts *supra*. Courts have found such "mixing and matching" to be impermissible since they fail to allege infringement of all claim elements by any accused product. *CTD Networks LLC v. Microsoft Corp.*, No. W-22-CV-01049-XR, 2023 WL 5417141, at *5 (W.D. Tex. Aug. 22, 2023), *appeal dismissed*, No. 2023-2429, 2024 WL 2564374 (Fed. Cir. May 24, 2024) ("A plaintiff does not satisfy this requirement by mixing and matching between different accused products in its claim charts, as [i]nfringement cannot be shown by a muddled hash of elements from different products.")

Other portions of the claim charts are either conclusory or unintelligible. For example, Element 1i of the '095 Patent claim chart reads as follows:

| Claim Element | Alleged Infringement |
|---|---|
| for enabling selective disengagement of said second flywheel assembly from said first flywheel assembly. | The Hitec power generation system the flywheels combined/engaged or separated selectively. <br><br> The rotors of the electric machine, KEM pony motor and excitor act as flywheel kinetic energy storage rotors |

D.I. 1, Ex. B, p. 5. Plaintiff's infringement allegations make no mention of the selective disengagement element of the claim, or how that is performed by the Accused Products, or which of the Accused Products this element applies to. How could anyone understand ***how*** they supposedly practice this element with such a chart?

Claim 14 is even worse. This claim explicitly requires *four* flywheels, yet Exhibit B asserts the following in support: "The Hitec power generation system has multiple flywheels. For example, the rotor of the synchronous machine." D.I. 1, Ex. B, p. 17. Even if the Court accepts all allegations as true, extends the customary leniency to a *pro se* plaintiff, and affords the deference typically given at the Motion to Dismiss stage, it remains indefensible to equate a requirement for *four* flywheels with a system described merely as having "*multiple* flywheels." The term multiple does not equate to four. Furthermore, there is no reference to any specific Accused Product or explanation of how such a product meets this criterion. The allegations are not only conclusory but also insufficient to establish infringement of the specified element.

There is simply no logical connection between these claim elements and the accusations of infringement. To the extent the Court can decipher the accusations, they are no doubt conclusory and void of any substance. This is impermissible, even at this early stage. *Princeton Univ.*, 30 F.4th at 342 (holding the Court will "disregard legal conclusions and recitals of the elements of a cause of action supported by mere conclusory statements") (quoting *Davis*, 824 F.3d at 341).

Accordingly, Plaintiff fails to state a claim for direct infringement and the Court should dismiss Plaintiff's claim for direct infringement of the '095 Patent.

### B.  Plaintiff Fails to State a Claim for Induced Infringement

"[I]nducement liability may arise if, but only if, there is direct infringement." *Limelight Networks, Inc. v. Akamai Techs., Inc.*, 572 U.S. 915, 921 (2014) (internal quotation marks, alterations, and citation omitted). A plaintiff cannot succeed on claims of induced infringement without first establishing direct infringement. Here, Plaintiff fails to allege facts sufficient to support a finding of direct infringement, and so Plaintiff cannot plausibly allege Defendant induced

7

others to infringe the patent. The induced infringement claim should therefore be dismissed as well.

### C. Plaintiff's *Pro Se* Status is Irrelevant to its Deficient Complaint

Plaintiff's status as a *pro se* plaintiff has no bearing on the deficient allegations contained in the Complaint. While courts liberally construe pleadings that are filed *pro se*, a "*pro se* litigant must allege sufficient facts in their complaint to support a claim." *See Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 145 (3rd Cir. 2013). Therefore, Plaintiff was required to allege sufficient facts to support his claims for direct and induced infringement and failed to do so.

## V. CONCLUSION

For at least the reasons set forth above, Defendant respectfully requests the Court dismiss Plaintiff's Complaint in its entirety pursuant to Fed. R. Civ. P. 12(b)(6).

|  |  |
|---|---|
| OF COUNSEL:<br><br>Patrick T. Muffo<br>POLSINELLI PC<br>150 N. Riverside Plaza, Suite 3000<br>Chicago, IL 60606<br>(312) 819-1900<br>pmuffo@polsinelli.com<br><br>Clement A. Asante<br>POLSINELLI PC<br>1401 Lawrence Street, Suite 2300<br>Denver, CO 80202<br>(303) 572-9300<br>casante@polsinelli.com<br><br>September 30, 2024 | POLSINELLI PC<br><br>*/s/ Stephen J. Kraftschik*<br>Stephen J. Kraftschik (#5623)<br>222 Delaware Avenue, Suite 1101<br>Wilmington, DE 19801<br>(302) 252-0920<br>skraftschik@polsinelli.com<br><br>*Attorneys for Defendant HITEC Power Protection Inc.* |

98634403.2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JERRY DEWAYNE WASHINGTON JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 24-715 (JLH) |
| | ) |
| AIR WATER INC., HITEC HOLDING BV, HITEC POWER PROTECTION INTERNATIONAL BV, and HITEC POWER PROTECTION INC., | ) ) ) ) |
| | ) |
| Defendants. | ) |

**[PROPOSED] ORDER GRANTING DEFENDANT
HITEC POWER PROTECTION INC.'S MOTION TO DISMISS**

Having considered Defendant's Motion to Dismiss and good cause appearing therefor, the Motion is hereby GRANTED.

SO ORDERED this ___ day of _____, 2024.

_____
Honorable Jennifer L. Hall

United States District Judge

98634403.2

## CERTIFICATE OF SERVICE

I hereby certify that on September 30, 2024, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on September 30, 2024, upon the following in the manner indicated:

Jerry Dewayne Washington Jr.                                            *BY U.S. MAIL*
302 30th Avenue North
Fargo, ND  58102

   *Pro se Plaintiff*

                                  */s/ Stephen J. Kraftschik*

                                  Stephen J. Kraftschik (#5623)