IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF
DELAWARE

JERRY DEWAYNE WASHINGTON JR.

Plaintiff,

v.

AIR WATER INC., HITEC HOLDING BV, HITEC
POWER PROTECTION INTERNATIONAL BV,
and HITEC POWER PROTECTION INC.,

              Defendants.

C.A. No. C.A. No. 24-715 (JLH)

PATENT CASE

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Jerry D. Washington Jr. ("Plaintiff") opposes Defendant Hitec Power Protection Inc.

("Hitec" or "Defendant") Motion to dismiss [hereinafter "Motion"]. The Plaintiff has

sufficiently pleaded its claims for the infringement of US Patent 7.108,'095 ("the ''095

Patent").

# I. INTRODUCTION

Plaintiff's complaint, filed June 18, 2024, alleges that Defendant Hitec Power Protection Inc. power generation systems, Hitec PowerPRO 1000, PowerPRO 1800, PowerPRO 2700, PowerPRO 3600, PowerKEM, and RT 1250, infringe one or more claims of US 7,108,'095 ("the ''095 patent"). The complaint incorporated a copy of the ''095 patent, attached as Exhibit A, and a claim chart showing the accused products incorporated and attached as Exhibit B. On September 28, 2024, Defendant filed a motion to dismiss, claiming *"Plaintiff's Complaint should be dismissed because it fails to properly allege how Defendant infringes the claims of the asserted patent." and Accordingly, Plaintiff fails to state a claim for direct infringement and the court should dismiss Plaintiff's claim for direct infringement of the ''095 patent.*

The complaint and attached exhibits allege Hitec PowerPRO 1000, PowerPRO 1800, PowerPRO 2700, PowerPRO 3600, PowerKEM, and RT 1250 ("Accused Products"). Infringe on one or more of '095 patent claims. Each accused product has a KEM (kinetic energy module) or ETM (energy transfer module). The claim chart exhibit B maps independent claims 1 and 14 as well as dependent claims are disclosed directly from Hitec product brochures or classroom lecture videos taught at the University of Washington with Hitec's approval.

A court may consider documents incorporated into the complaint by reference and items that are proper subjects of judicial notice. See <u>Coto Settlement v. Eisenberg</u>, 593 F.3d 1031, 1038 (9th Cir. 2010).

Claims 10-13 are charted based on information and belief that the power systems can be hooked to a mechanical load, as disclosed in Hitec company literature. The dependent claims 10-13 are inferred, and information and belief will be disclosed with basic discovery. By charting the dependent claims, the Plaintiff has gone beyond the requirements of the pleading stage.

Plaintiff has stated a claim of direct infringement of the "'095" patent", sufficient to defeat a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). At the pleading stage, a plaintiff need only plausibly plead its claims. The Plaintiff has done so here and respectfully moves the court for an order denying the Defendant's Motion to Dismiss.

## II. BACKGROUND

This is a patent lawsuit alleging infringement of an electromechanical device that helps maintain power during outages or fluctuations. The Plaintiff was the inventor of US Patent No. 7,108,'095 (the "'095 Patent"). Defendant Hitec accused products of the Hitec PowerPRO 1000, PowerPRO 1800, PowerPRO 2700, PowerPRO 3600, PowerKEM, and RT 1250 ("Accused Products"). All have a KEM Kinetic Energy Module. The Kinetic Energy Module is mapped for independent claim 1, and all elements are disclosed from Hitec-approved sources.

## III. LEGAL STANDARD

A motion to dismiss pursuant to Rule 12(b)(6) challenges a complaint on the basis that it fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). In ruling on a Rule 12(b)(6) motion, "the court must accept all well-pleaded facts as true and view them in the

light most favorable to the plaintiff." *Calhoun v. Hargrove*, 312 F.3d 730, 733 (5th Cir. 2002); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).[1] *Colony Ins. Co. v. Peachtree Constr., Ltd.*, 647 F.3d 248, 252 (5th Cir. 2011). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 US 662, 678 (2009).

Based upon the assumption that all the allegations in the complaint are true, as a Court must do, the factual allegations must be enough to raise a right to relief above the speculative level—*Bell Atlantic Corp. v. Twombly*, 550 US 544, 555 (2007). When the non-moving party pleads factual content that allows the court to infer that the movant is liable for the alleged misconduct, then the claim is plausible on its face. *Ashcroft v. Iqbal*, 556 US 662 at 678 (2009).

To state a claim for patent infringement under 35 USC § 271, a plaintiff need only give the defendant "fair notice" of the infringement claim and "the grounds upon which it rests." *Disc Disease Sols. Inc. v. VGH Sols., Inc.*, 888 F.3d 1256, 1260 (Fed. Cir. 2018). "Fair notice," in turn, requires the Plaintiff to plausibly allege that the accused product meets "each and every element of at least one claim" of the asserted patent. *Disc Disease*, 888 F.3d at 1260, *Qwikcash, LLC v. Blackhawk Network Holdings, Inc.*, No. 4:19-CV-876-SDJ, 2020 US Dist. LEXIS, at *7 (ED Tex. November 17, 2020) (See, also, *Hunton Energy Holdings, LLC v. HL Seawater Holdings, LLC*, 539 F. Supp. 3d 685, 694 (SD Tex. 2021) (a defendant has fair notice of a direct

infringement claim "if the complaint specifically identifies the allegedly infringing product and the patent the product infringes").

A court may consider documents incorporated into the complaint by reference and items that are proper subjects of judicial notice. See Coto Settlement v. Eisenberg, 593 F.3d 1031, 1038 (9th Cir. 2010).

In Disc Disease, 888 F.3d 1256, the court found a complaint sufficiently pled direct infringement where it attached the asserted patents to the complaint, specifically identified the accused products by name, attached photos of the product packaging, and "alleged that the accused products 'meet each and every element of at least one claim of the [accused patents], either literally or equivalently."

The Federal Circuit has specifically held that "a plaintiff is not required to plead infringement on an element-by-element basis." Bot M8, 4 F.4th at 1352; see Nalco Co. v. Chem-Mod, LLC, 883 F.3d 1337, 1350 (Fed. Cir. 2018).

" Disc Disease Solutions Inc., 888 F.3d at 1260 (quoting Iqbal, 556 US at 678).

Concha v. London, 62 F.3d 1493, 1503 (9th Cir. 1995) ("We relax pleading requirements where the relevant facts are known only to the Defendant

## IV. ARGUMENT

## A. PLAINTIFF'S COMPLAINT ADEQUATELY PLEADS DIRECT INFRINGEMENT OF THE ''095 PATENT PURSUANT TO 35 U.S.C. § 271(A),

The Defendant's Motion mischaracterizes the Plaintiff's allegations, claiming, *"Rather than applying the claims against the accused products, the complaint cites generic marketing materials and online videos and assumes all Defendant products operate the same. The charts do not adequately allege that any specific defendant product embodies every element of any asserted claim."*



The complaint states in paragraph 14



The claim chart "Exhibit B" provides an element-by-element analysis of claim 1 and claims 2-9.

Hitec Power Protection Inc.

The Defendant's Motion further mischaracterizes the Plaintiff's allegations, claiming, "*The charts demonstrate that Plaintiff does not assert all claim elements against a single one of the Accused Products.* This is false, see pages Document 1-2 Filed 06/18/24 Page 3 of 22 through Page 7 of 22 PageID #: 27

The KEM Kinetic energy module contains the core components of all Hitecs accused products and is referenced throughout the claim chart in exhibit B.

The Defendant's Motion further mischaracterizes the Plaintiff's allegations, claiming, *Instead, the Plaintiff blends together various Accused Products to substantiate the infringement claims. Specifically, certain claim elements are alleged to be practiced by the PowerPRO 3600 product, others by the PowerPRO 1800 product, and yet others by all products collectively.*

False. Claim 1 references the KEM in a Power Pro 2700 only see pages 4-6 ex b.

All accused products contain the KEM. The pictures of the different models of the accused products show the KEM in the specific module.

The Hitec PowerPRO 1000, PowerPRO 1800, PowerPRO 2700, PowerPRO 3600, PowerKEM, and RT 1250 ("Accused Products") all use the same core components and operating method. The KEM is charted for claim 1 and shows how the accused products meet each element of the '095 independent claim 1. Hitec's corporate literature referenced in exhibit B, the YouTube classroom videos, and the '095 patent disclose infringement and surpass the pleading requirement just to allege the product meets every element.

Defendant's Motion further mischaracterizes the Plaintiff's motives, claiming.

*"As shown above, Plaintiff predominantly cites to generic materials used for Hitec marketing, not to the Accused Products themselves. See generally DI 1, Ex. B.*



The claim chart exhibit B relies heavily on YouTube videos made by the University of Washington Central Utility Plant, in cooperation with Hitec Power Protection, and from the non-generic company-published brochures and product brochures to disclose that the accused products infringe on claims 1-9 and 14-18.

The Defendant's Motion further mischaracterizes the Plaintiff's allegations, claiming, *"The charts do not adequately allege that any specific defendant product embodies every element of any asserted claim. Accordingly, even if accepted as true, the allegations of the complaint fail to state a claim for patent infringement."*



Page | 8



*Claim 1 element by element charting the KEM used in all accused products.*

Document 1-2 Filed 06/18/24 Page 2 of 22 PageID #: 22

The Defendant's Motion further mischaracterizes the Plaintiff's allegations, claiming, " *Claim 14 is even worse. This claim explicitly requires **four** flywheels, yet Exhibit B asserts the following in support: "The Hitec power generation system has multiple flywheels. For example, the rotor of the synchronous machine." DI 1, Ex. B, p. 17. Even if the court accepts all allegations as true, extends the customary leniency to a pro se plaintiff, and affords the deference typically given at the Motion to Dismiss stage, it remains indefensible to equate a requirement for **four** flywheels with a system described merely as having "**multiple** flywheels."*



The claim chart at dependent claim 3A shows a third flywheel disclosed and being connected to the KEM. The claim chart alleges four, five,  six, and four flywheels at claim 14 C.

| 14c | a first flywheel assembly coupled to the speed increaser; | The Hitec power generation system has multiple flywheels.  |
|---|---|---|

14

The rotors of the electric machines acting as kinetic energy storage devices are from Hitec literature and are included in the claim chart. If the rotors of the electric motor generators are flywheels, this would be alleging eight flywheels, not four, and Plaintiff resents Defendant's attorney misquoting, especially from a written statement. The Plaintiff disputes and resents the defendants' false accusation and suggests that the Defendant's Motion to dismiss was filed in bad faith.

" Disc Disease Solutions Inc., 888 F.3d at 1260 (quoting Iqbal, 556 US at 678).

Concha v. London, 62 F.3d 1493, 1503 (9th Cir. 1995) ("We relax

pleading requirements where the relevant facts are known only to the Defendant

Page | 11

The Hitec marketing is for the accused products.

*Element 1c refers to the "Hitec power generation systems" as though the products are no*

*different from one another. DI 1, Ex. B, p. 2.*

> The Hitec power generation system has a torque enhanced
> transmission, for example the Kinetic energy module,
> induction coupling flywheel uses the components from the
> 095 patent.

Again, another misunderstanding, misinterpretation, or willful blindness to the (KEM) is

common to all accused products. The accused products use the same components to achieve a

method that makes the system operate as it does. A simple reading of the '095 patent and the

claim chart and viewing the University of Washington YouTube classroom lecture videos would

be beneficial to anyone's understanding of the accused products.

*Element 1d references an alternator but does not specify which product the alternator is*

*associated with. All ACCUSED PRODUCTS HAVE an ALTERNATOR/generator!*

*Put simply, Plaintiff makes no attempt to connect the claim elements to the Accused Products in*

*all but a few instances."*

The Defendant's Motion further mischaracterizes the plaintiffs' allegations, claiming

"*Other portions of the claim charts are either conclusory or unintelligible. For example,*

*Element 1i of the ''095 Patent claim chart reads as follows:*

| Claim Element | Alleged Infringement |
|---|---|
| *for enabling selective disengagement of said second flywheel assembly from said first flywheel assembly.* | *In the Hitec power generation system, the flywheels combined/engaged or separated selectively.*<br><br>*The rotors of the electric machine, KEM pony motor and exciter act as flywheel kinetic energy storage rotors* |

*DI 1, Ex. B, p. 5. Plaintiff's infringement allegations make no mention of the selective*

*disengagement element of the claim, or how that is performed by the Accused Products, or which*

*of the Accused Products this element applies to. How could anyone understand **how** they*

*supposedly practice this element with such a chart?*

*Again False.*



excited, thus allowing a transfer of stored kinetic energy from
the outer rotor to the inner rotor. The speed of the generator
remains constant at 1500/1800 rpm.

From exhibit B

The "rotors" are indeed kinetic energy storage devices or flywheels. support the allegations of

infringement and show that the allegations of infringement are based on factual evidence rather

than conclusory statements.

The interior mechanics of the accused products are known by Defendant Hitec Power Protection

Inc..

The "plausibility standard is met when 'the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct

alleged.'" Disc Disease Solutions Inc., 888 F.3d at 1260 (quoting Iqbal, 556 US at 678).

Concha v. London, 62 F.3d 1493, 1503 (9th Cir. 1995) ("We relax

    pleading requirements where the relevant facts are known only to the Defendant.

    The Plaintiff has more than met the requirements at the pleading stage. The Plaintiff's

Complaint and the incorporated claim chart contain sufficient detail to demonstrate that the

Plaintiff has stated a claim for relief and Hitec Power Protection Inc.'s Motion should be

denied on that basis.

## B. THE PLAINTIFF HAS SUFFICIENTLY PLED INDUCED INFRINGEMENT AGAINST HITEC POWER PROTECTION INC. INC.

As discussed above, Plaintiff has sufficiently stated claims for direct infringement. Defendant's other arguments for dismissal of the induced infringement claims are also without merit and should be rejected. The Plaintiff has pled a claim for induced infringement of US Patent 7,108,'095 sufficient to defeat a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

### C. ACTUAL KNOWLEDGE OF INFRINGEMENT.

12. **Actual Knowledge of Infringement.** Defendants ignored the Plaintiff's request to negotiate in good faith. In 2021, Jerry D. Washington Jr. contacted HITEC Power Protection International B.V. and Hitec Power Protection Inc. via certified mail, inviting them to negotiate a licensing agreement. A copy of the '095 patent was included for reference. Plaintiff Jerry D. Washington Jr. did not receive a response.

13. On April 30, 2024, Plaintiff again contacted Hitec Inc to discuss a licensing deal for current technology that is patent pending and the 095 patent. A meeting was set up to discuss

### D. THE PLAINTIFF'S COMPLAINT ADEQUATELY PLEADS SUFFICIENT FACTS TO SUPPORT INFRINGEMENT OF THE ''095 PATENTS UNDER THE DOCTRINE OF EQUIVALENTS

The Defendant's Motion to dismiss makes no argument for the Plaintiff's allegation of infringement under the doctrine of equivalents. That alone makes denying the Motion appropriate. Because the Motion did not move to dismiss the Plaintiff's claims under the doctrine of equivalents, the court should find these allegations sufficient to plead infringement as well. Nalco, 883 F.3d at 1354.

## V. IF NECESSARY, THE PLAINTIFF SHOULD BE PERMITTED TO AMEND ITS COMPLAINT

If Defendant's Motion raises matters of concern for the Court, Plaintiff requests leave to address such issues in an amended complaint.

## VI. CONCLUSION

The Defendant's many false allegations in the Motion to Dismiss are an attempt to delay answering the complaint with confirmation that their products infringe one or more of the '095 patent claims. The infringement claim chart in Exhibit B asserts infringement of claims 1-9 on an element-by-element basis for the ''095 patent.

Exhibit B alleges infringement, charts all of independent claim 1 elements against the KEM, and describes the operation of the KEM in the Accused Products.

Plaintiff respectfully submits that the complaint and exhibits thereto have provided Hitec Power Protection Inc. with the requisite factual allegations which, taken as true, allege that Defendant Hitec Power Protection Inc. accused products infringe one or more claims of the ''095 patent. The complaint has successfully put the Defendant on notice by stating a claim for relief. For the reasons set forth herein, Plaintiff respectfully requests that the court denies Defendant Hitec Power Protection Inc.'s Motion to Dismiss Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failing to state a claim.

Dated: O c t o b e r  11, 2024          Respectfully submitted,


Jerry D. Washington Jr.
legacyip@protonmail.com

302 30th Ave North
Fargo ND 58102
PRO SE PLAINTIFF