IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JERRY DEWAYNE WASHINGTON JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 24-715 (JLH) |
| | ) |
| AIR WATER INC., HITEC HOLDING BV, | ) |
| HITEC POWER PROTECTION | ) |
| INTERNATIONAL B.V., and HITEC | ) |
| POWER PROTECTION INC., | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT HITEC POWER PROTECTION INC.'S**
**REPLY IN SUPPORT OF MOTION TO DISMISS**

**I.   INTRODUCTION**

In the words of George Bernard Shaw, "The single biggest problem in communication is the illusion that it has taken place." Such is the situation here. Plaintiff appears to genuinely believe that the Complaint, claim charts, and Opposition clearly and sufficiently demonstrate *how* Defendant allegedly infringes the claims of the '095 Patent. However, rather than clarifying the issues, the Opposition raises more questions than it resolves.

In the Opposition, Defendant appears to assert that the Kinetic Energy Module (KEM) is the source of the alleged infringement and that the KEM is identical across all Accused Products. However, this assertion is not reflected in the Complaint. Rather, the Complaint and its accompanying claim charts allege infringement by five distinct products, each with differing structures and functions. The Complaint does not allege that the core elements accused of infringement originate from the KEM and that they are uniform across all products. This argument is first presented in the Opposition. If Plaintiff's position is that the KEM is indeed central to the alleged infringement for all Accused Products, it should amend the Complaint to clarify this. Until

99455405.1

then, the operative Complaint leaves Defendant in the dark about how it is allegedly infringing the patent and which structures—whether the KEM or something else—are supposedly responsible for that infringement.

Further, the allegations of infringement are not only conclusory but also contradictory and, at times, incoherent. The Opposition includes several passages from the Complaint and claim charts, but many of these passages are unintelligible, and others are unrelated to the assertions being made. The Opposition also cites many images from the claim charts without providing any accompanying explanation or context, assuming they speak for themselves. In this sense, the Opposition raises more questions than it answers and further blurs the lines of what activity is being accused of infringement in the Complaint.

## II.   ARGUMENT

A plaintiff "need not 'prove its case at the pleading stage.'" *Nalco Co. v. Chem-Mod, LLC*, 883 F. 3d 1337, 1350 (Fed. Cir. 2018) (quoting *In re Bill of Lading Transmission*, 681 F. 3d 1323, 1339 (Fed. Cir. 2012). But the Complaint must still "place the alleged infringer 'on notice of what activity ... is being accused of infringement.'" *Lifetime Industries, Inc. v. Trim-Lok, Inc.*, 869 F. 3d 1372, 1379 (Fed. Cir. 2017) quoting *K-Tech Telecomms., Inc. v. Time Warner Cable, Inc.,* 714 F. 3d 1277, 1284 (Fed. Cir. 2013). "To provide notice, a plaintiff must generally do more than assert that the product infringes the claim; it must show *how* the defendant plausibly infringes by alleging some facts connecting the allegedly infringing product to the claim elements." *Bos. Sci. Corp., v. Nevro Corp*, 415 F. Supp. 3d 482, 489 (D. Del. 2019) (citing *SIPCO, LLC v. Streetline, Inc.*, 230 F. Supp. 3d 351, 353 (D. Del. 2017)).

"In other words, a plausible claim must do more than merely allege entitlement to relief; it must support the grounds for that entitlement with sufficient factual content." *Bot M8 LLC v. Sony*

*Corp. of America*, 4 F. 4th 1342, 1352 (Fed. Cir. 2021). Courts have not followed a bright line rule for what is considered a sufficient factual basis for relief, but rather "[t]he level of detail required in any given case will vary depending upon a number of factors, including the complexity of the technology, the materiality of any given element to practicing the asserted claim(s), and the nature of the allegedly infringing device." Courts will "'disregard legal conclusions and recitals of the elements of a cause of action supported by mere conclusory statements.'" *Doe v. Princeton Univ.,* 30 F. 4th 335, 342 (3d Cir. 2022) (quoting *Davis v. Wells Fargo,* 824 F.3d 333, 341 (3d Cir. 2016)).

Although pro se pleadings are to be liberally construed, see *Haines v. Kerner*, 404 U.S. 519, 520 (1972), they still must state a "plausible claim for relief to survive[] a motion to dismiss." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)

### A. The Opposition overstates the Complaint's reliance on the KEM module

The Opposition relies heavily on the assertion that the KEM module is the same in all products and this feature is what supposedly causes infringement. *See* D.I. No. 17 at 3 "All [Accused Products] have a KEM Kinetic Energy Module."; and D.I. No. 17 at 7 "The KEM Kinetic energy module contains the core components of all Hitecs accused products and is referenced throughout the claim chart in exhibit B." But the Complaint hardly mentions the KEM and never argues the KEM is the same for all Accused Products. Instead, the Complaint alleges infringement by first listing five Accused Products but then sparingly citing those products in the charts themselves. *See* D.I. No. 1-2. It appears from the Opposition that Plaintiff is trying to allege infringement of five distinct products by finding a common element in each of those products—namely, the KEM. But the operative Complaint does not reflect this infringement theory and it is inappropriate to "amend" the Complaint through an opposition brief. See *Pennsylvania ex rel.*

*Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) (citing *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984)) ("[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.")

So, what's the problem with the Complaint itself? The claim charts attached to the Complaint allege infringement in an incomplete and incoherent way. They do not chart all elements against a first product, then cite all elements against a second product, and so forth, until all five products are charted against the claims. Instead, the claim charts mix and match Accused Products against each claim, for example, claim 1 below:

| Claim Element | Accused Product |
| --- | --- |
| 1a | PowerPRO 1000, PowerPRO 1800, PowerPRO 2700, PowerPRO 3600, PowerKEM |
| 1b | No specific product cited |
| 1c | No product cited, although it appears to be the PowerPRO 3600 product |
| 1d | No specific product cited |
| 1e | No specific product cited |
| 1f | No specific product cited |
| 1g | No product cited, although it appears to be the PowerPRO 1800 product |
| 1h | No specific product cited |
| 1i | No specific product cited |

For the other independent claim, claim 14, Plaintiff cites the following:

| Claim Element | Accused Product |
| --- | --- |
| 14a | "The Hitec power generation systems." |
| 14b | No specific product cited |
| 14c | No specific product cited |
| 14d | No product cited, although it appears to be the PowerPRO 3600 product |
| 14e | No specific product cited |
| 14f | No specific product cited |
| 14g | No product cited, although it appears to be the PowerPRO 3600 and 1800 products |
| 14h | No specific product cited |
| 14i | No product cited, although it appears to be the PowerPRO 3600 product |
| 14j | No specific product cited |
| 14k | No specific product cited |
| 14l | No specific product cited |

At best, Plaintiff cites specific features of only two of the five Accused Products—namely, the PowerPro 3600 and 1800 products. And even those citations are sparse as shown above. Defendant is left to wonder—what about the other three Accused Products? How do those products infringe? What about the other elements of the two Accused Products where specific citations are provided against a small portion of the claim elements? Without any specific citation to an Accused Product, it is impossible for Defendant to understand *how* it supposedly infringes. *Bos. Sci. Corp.*, 415 F. Supp. 3d at 489 ("In each count, Boston Scientific identifies accused products, points to 'exemplary materials' extraneous to the amended complaint that provide general information about the accused products, and asserts without explanation that the accused products meet each element of at least one claim of the asserted patent. These allegations fall short of the *Iqbal/Twombly* pleading standard because they fail to show *how* the accused products plausibly read on the asserted claim elements.") (Emphasis in original).

Yes, the Plaintiff is correct that "[a] plaintiff is not required to plead infringement on an element-by-element basis." *Bot M8*, 4 F. 4th at 1352. But a Plaintiff must at the very least place the Defendant on notice of what activity is being accused of infringement. *Nalco*, 883 F.3d at 1350. Here, none of the key claim limitations are mapped against the Accused Products themselves and are instead mapped against generic marketing materials with the assumption that all Accused Products operate the same. *See generally* D.I. 1-2. This fails to place Defendant on notice of *how* the Accused Products meet the limitations of the claims. *Bot M8,* 4 F.4th at 1355 (affirming dismissal where "Bot M8 failed to offer factual allegations that support a plausible inference that the [accused product] actually" meets key claim limitations because Bot M8 "never says which [features of the accused product] satisfy the [claim] limitation").

The Opposition tries to remedy the deficiencies of the Complaint by asserting that the KEM is what causes infringement for all Accused Products. But the Complaint itself does not say this. Until it does, the Complaint fails to place Defendant on notice of what activity causes infringement of the claims, and should be dismissed as a result.

**B. The allegations in the Complaint and Opposition are conclusory and at times unintelligible.**

When deciding a Motion to Dismiss, courts will "'disregard legal conclusions and recitals of the elements of a cause of action supported by mere conclusory statements.'" *Doe,* 30 F.4th at 342. But the Complaint—and now the Opposition—are replete with naked assertions that fail to advance the factual record. *Iqbal*, 556 U.S. at 678 ("'naked assertions' devoid of 'further factual enhancement'" do not establish grounds for relief) (citation omitted).

Again, it appears Plaintiff believes the factual assertions are clear and supported. The purpose of Defendant's argument is not to call into question the Plaintiff's motivations for filing the Complaint or to quibble at minor details. Rather, it is to show that the Complaint is conclusory or in some places unintelligible.

First, the Complaint includes passages such as the one below for Element 1i:

| Claim Element | Alleged Infringement |
|---|---|
| for enabling selective disengagement of said second flywheel assembly from said first flywheel assembly. | The Hitec power generation system the flywheels combined/engaged or separated selectively.<br><br>The rotors of the electric machine, KEM pony motor and excitor act as flywheel kinetic energy storage rotors |

D.I. 1-2, Ex. B, p. 5. The "Alleged Infringement" portion of the chart has no relation to the Claim Element portion. How does selective disengagement occur?

Other passages include the following "The Hitec power generation system has a torque enhanced transmission, for example the Kinetic energy module, induction coupling flywheel uses the components from the 095 patent." D.I. No. 1-2 at 4. Which element corresponds to the claimed

6

"torque enhanced transmission"—the Kinetic energy module or the induction coupling flywheel? And how do these elements "use[] the components from the 095 patent"? The infringement allegations include no answer and are merely conclusory. (*Bot M8*, 4 F. 4th at 1352 "[P]laintiff cannot assert a plausible claim for infringement under the *Iqbal/Twombly* standard by reciting the claim elements and merely concluding that the accused product has those elements).

The Opposition attempts to clarify these and other passages but only confuses the issue further. The Opposition on page 6 pastes a blurry picture of the element 14d claim chart and a barely readable section of the Complaint, supposedly in response to Defendant requesting more sufficient factual assertions. D.I. 17 at 6. The image is provided without context and does not appear to be related to the assertion being made. Regardless, it does nothing to advance the factual record.

The Opposition later contradicts itself by stating "The KEM Kinetic energy module contains the core components of all Hitecs accused products and is referenced throughout the claim chart in exhibit B." D.I. 17 at 7. But this is immediately followed by "Claim 1 references the KEM in a Power Pro 2700 only see pages 4-6 ex b." D.I. 17 at 7. So, is the KEM the core infringing component of all Accused Product or only the Power Pro 2700?

Page 8 of the Opposition similarly cites a claim chart paragraph with a section circled by hand with a marker, but with the entire section being unintelligible. D.I. 17 at 8. Page 9 of the Opposition continues this trend and cites page 2 of the claim charts, but without context of how it applies to Plaintiff's argument. D.I. 17 at 9.

In response to Defendant arguing "it remains indefensible to equate a requirement for four flywheels with a system described merely as having 'multiple flywheels'" the Plaintiff points to another dependent claim and then concludes "The claim chart alleges four, five, six, and four

flywheels at claim 14 C." D.I. 17 at 10. But here too, the "allegation" of infringement at claim element 14 C is merely a blurry picture with no context of what corresponds to the six flywheels alleged. It is conclusory at best, and unintelligible at worst.

Put simply, these passages—and the Opposition's attempts to cure them—are devoid of any factual allegations that, when taken as true, explain how the five Accused Products infringe the asserted claims. *Bot M8*, 4 F. 4th at 1353. "There must be some factual allegations that, when taken as true, articulate why it is plausible that the accused product infringes the patent claim."

### III.    PLAINTIFF IS STILL REQUIRED TO PLEAD A LEGITIMATE COMPLAINT

Defendant is all too aware that the Plaintiff is operating pro se. But this is not a prisoner's rights case, or another such matter where the Plaintiff has no choice but to represent himself and where his freedom is on the line. This is a patent infringement lawsuit where the Plaintiff had every opportunity to hire counsel, or obtain investment from outside sources to fund his litigation campaign (a concept this district is well familiar with). At some point even pro se plaintiffs are required to play by the rules. *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 145 (3rd Cir. 2013) (A "pro se litigant must allege sufficient facts in their complaint to support a claim.")

### IV.    CONCLUSION

For at least the reasons set forth above, Defendant respectfully requests the Court dismiss Plaintiff's Complaint in its entirety pursuant to Fed. R. Civ. P. 12(b)(6).

| | |
|---|---|
| OF COUNSEL:<br><br>Patrick T. Muffo<br>POLSINELLI PC<br>150 N. Riverside Plaza, Suite 3000<br>Chicago, IL 60606<br>(312) 819-1900<br>pmuffo@polsinelli.com<br><br>Clement A. Asante<br>POLSINELLI PC<br>1401 Lawrence Street, Suite 2300<br>Denver, CO 80202<br>(303) 572-9300<br>casante@polsinelli.com<br><br>October 24, 2024 | POLSINELLI PC<br><br>*/s/ Stephen J. Kraftschik*<br>Stephen J. Kraftschik (#5623)<br>222 Delaware Avenue, Suite 1101<br>Wilmington, DE 19801<br>(302) 252-0920<br>skraftschik@polsinelli.com<br><br>*Attorneys for Defendants HITEC Power Protection Inc. and HITEC Power Protection International B.V.* |

9

99455405.1

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 24, 2024, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on October 24, 2024, upon the following in the manner indicated:

| | |
|---|---|
| Jerry Dewayne Washington Jr.<br>302 30th Avenue North<br>Fargo, ND  58102<br><br>   *Pro se Plaintiff* | *BY U.S. MAIL* |

*/s/ Stephen J. Kraftschik*
Stephen J. Kraftschik (#5623)

99455405.1